Richards, J.
This is a proceeding in error to the court of common pleas to reverse a judgment of that court relative to alimony rendered on granting a divorce to the plaintiff. The parties to. this action were married on December 20, 1913, and the wife commenced an action for alimony alone on May 18, 1916. Thereafter the husband filed a cross-petition fop divorce, whereupon the plaintiff •filed an amended petition asking for both divorce and alimony.
*82 During the pendency of the action the court of common pleas allowed to the plaintiff temporary alimony at the rate of $30 per month, and, under this order, she has received some $300 by way of temporary alimony. On the hearing of the case in the court of common pleas, a divorce was granted to the plaintiff, based on the ground of extreme cruelty, the decree finding that the plaintiff was entitled to recover no alimony other than $50 therein allowed as -an attorney fee for her counsel. The court adjudged that the husband pay this sum and also the costs of the action. It is to reverse this refusal to allow alimony, other than as stated, that she brings this- proceeding in error.
The bill of exceptions discloses that the husband has no property, but is in receipt of a salary of $100 per month as a mail carrier in the city of Toledo, and that the wife is a teacher in the public schools of that city, receiving a salary of $98 per month for ten months in the year. She also has property which she received from her mother, amounting in value to about $2,300, a part of which is now in. cash and the remainder represented by a mortgage held by her. Each of the parties is about 40 years of age and apparently in good health. They have no children. Under these circumstances it is contended that the court erred in refusing to award to her a substantial sum by way of alimony, and it is insisted that the language of the statute is mandatory and requires the allowance of alimony. The right of the plaintiff to alimony is controlled by Sections 11990 and 11991, General Code. The first section requires, when a divorce is granted because of the husband’s ag *83 gressions, that the court shall restore to the wife any name she had before marriage and allow such alimony out of her husband’s property as it deems reasonable, having due regard to property which came to him by marriage and the value of his real and personal estate at the time of the divorce. The next section provides that such alimony may be allowed either in real or personal property, or both, or in money, payable either in gross or installments, as the court deems equitable. It will be noticed that by the terms of these statutes only such allowance is to be made as the trial court deems reasonable, having regard to the circumstances stated in the statute, and that it may be allowed in such property and payable on such terms as the trial court deems equitable. The language of these sections has been held by our supreme court to be mandatory, but it can only be mandatory to the extent that the trial court shall make such allowance of alimony as it deems reasonable, payable out of such property and in such manner as it deems equitable. A large discretion appears to be vested in the trial court, and this is, of course, a judicial discretion and subject to review by the court of appeals.
The trial judge in determining whether an allowance of permanent alimony should be made, manifestly considered all the facts and circumstances disclosed by the record, the duty to consider which is imposed upon him by statute. Considering the age and health of the parties, the fact of the salary received by each, and that the husband had no property, while the wife had the amount shown by the record, we cannot see that the judgment is so *84 maniféstly against the evidence as to require a reversal, nor that the action of the court was unreasonable or inequitable. The court allowed $50 as an attorney fee for plaintiff’s counsel, and was, of course, advised of the fact that' some $300 had already been paid by way of temporary alimony. While the language oí the sections is mandatory, these sections do not require the allowance of alimony other than shall be found to be reasonable and equitable.
Finding no reversible error the judgment will be affirmed.

Judgment affirmed.

Kinkade, J., concurs.
Chittenden, J., not sitting.