No. 676

SMITH v. SMITH

Ohio Appeals, 3rd Dist., Marion Co.

No. 673. Decided June 27, 1927.

**62. ALIMONY**—In action for alimony only, it is within jurisdiction of trial court to make such allowance as it deems reasonable. Such discretion of trial court is subject to review by the Court of Appeals.

Error to Common Pleas.

Judgment affirmed.

**First Publication of this Opinion**

WILLIAMS, J.

This is a proceeding in error in which it is sought to reverse a judgment of the Common Pleas Court of this county, rendered in an action for alimony only. The court awarded to

the wife, as alimony, $100 in cash and $50 per month, the court reserving jurisdiction to modify the payment of installments as future necessities might require.

The record discloses that the trial judge was warranted by the evidence in adjudging the defendant to be guilty of gross neglect of duty and in awarding alimony. As to the amount of the alimony, in an action for alimony only, it is within the jurisdiction of the trial court to make such an allowance as the trial judge deems reasonable under all the facts and circumstances proved at the trial. While discretion in fixing the amount thereof is vested in the trial court, it is a judicial discretion and is subject to review by the Court of Appeals and a judgment for alimony may be reversed by the reviewing court where it appears, from all the evidence adduced upon the trial, that the finding as to the amount is manifestly against the weight of the evidence. McGinnis v. McGinnis, 9 Ohio App. 81.

This court is of the unanimous opinion that the finding of the trial court as to the amount of the alimony is not so manifestly against the weight of the evidence that it ought to be disturbed on review. We are also unanimously of the opinion that were the case here for original determination we would fix the monthly installments at substantially smaller amounts than those fixed in the trial court. However, we have in mind that the court has reserved the power of modification, and one consideration that has led us to the conclusion reached is the confidence that the trial judge will, when justice requires it, take such action with reference to the termination or modification of the amounts as will answer the requirements of good judgment under all the facts and circumstances that may hereafter arise and be shown to the court, on an application for termination or modification thereof.

Judgment affirmed.

(Richards and Lloyd, JJ., concur.)

Attorneys—Wm. P. Maloney for plaintiff; Mouser, Young & Mouser for defendant; all of Marion.