**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2490
_____

EASTLYN IGWEMADU,
Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the District Court
of the Virgin Islands
(D.C. No. 3-19-cv-00031)
District Judge: Honorable Robert A. Molloy
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 8, 2022

Before: CHAGARES, Chief Judge, GREENAWAY, JR., and FISHER, *Circuit Judges*.

(Filed: January 4, 2023)
_____

OPINION[*]
_____

**FISHER**, *Circuit Judge*.

In April 2018, Eastlyn Igwemadu slipped and fell during a visit to the Sugar Estate

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

United States Post Office in St. Thomas, U.S. Virgin Islands. About a year later, she filed a one-count complaint against the United States, alleging liability for negligence under the Federal Tort Claims Act, 28 U.S.C. § 2674. The District Court held a one-day bench trial in February 2021, and in July 2022 entered judgment in favor of the United States. Igwemadu timely appealed. "On the appeal of a bench trial, we review a district court's findings of fact for clear error and its conclusions of law *de novo*."[1] We find no error; therefore, we will affirm.[2]

The FTCA establishes that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances."[3] And under the FTCA, tort liability turns on "the law of the place where the act or omission occurred."[4]

Here, the alleged negligence occurred in the Virgin Islands. A negligence claim under Virgin Islands law requires: "(1) a legal duty of care to the plaintiff, (2) a breach of that duty of care by the defendant (3) constituting the factual and legal cause of

---

[1] *McCutcheon v. Am.'s Servicing Co.*, 560 F.3d 143, 147 (3d Cir. 2009).

[2] The District Court had jurisdiction pursuant to 28 U.S.C. § 1346(b) (civil actions on claims against the United States). We have jurisdiction pursuant to 28 U.S.C. § 1291 (final decisions of district courts).

[3] 28 U.S.C. § 2674.

[4] 28 U.S.C. § 1346(b)(1); *see also DeJesus v. U.S. Dep't of Veterans Affs.*, 479 F.3d 271, 279 (3d Cir. 2007).

(4) damages to the plaintiff."[5] The District Court held the United States had a duty to maintain its premises in a reasonably safe condition and that it breached that duty by failing to repair or mark a tripping hazard where two concrete segments abutted but were not flush (the sidewalk-patio seam). However, Igwemadu's negligence claim failed because she did not prove the sidewalk-patio seam caused her fall. The District Court credited the testimony of an eyewitness, Celestino White, over Igwemadu's account. Igwemadu argues this credibility determination constitutes clear error. She claims White's testimony was contrary to objective evidence and internally inconsistent. We disagree.

According to Igwemadu, White's testimony contradicted objective evidence— namely, photos introduced at trial.[6] One depicted the area outside the post office, with an orange cone and caution tape marking the sidewalk-patio seam. Another depicted a closer view of the same. But Igwemadu assumes the existence of the element she was required to prove: cause.[7] While the photos may have shown the seam was uneven, none

---

[5] *Rymer v. Kmart Corp.*, 68 V.I. 571, 576 (2018) (quoting *Machado v. Yacht Haven U.S.V.I., LLC*, 61 V.I. 373, 380 (2014)); *see also Antilles Sch., Inc. v. Lembach*, 64 V.I. 400, 413 (2016) (reasoning "premises liability is a theory of negligence, where the basis of the duty of care is the possession or control of the premises where an injury occurred" (internal alterations omitted)).

[6] Exhibits included in the appendix submitted by Igwemadu that were "never presented to the District Court" are "not properly part of the record on appeal." *See United States v. Reyeros*, 537 F.3d 270, 283 n.18 (3d Cir. 2008); *see also* Fed. R. App. P. 10(a). She rightly does not cite these exhibits to support her argument, nor will we consider them in our analysis.

[7] *Antilles Sch., Inc.*, 64 V.I. at 413.

objectively proved that hazard caused Igwemadu's fall. Instead, the issue of causation depended on competing witness testimony between White, who clearly observed the fall, and Igwemadu.

The same causation gap undermines Igwemadu's alternative argument. She claims the District Court's decision to credit White's testimony contradicted its factual finding that the sidewalk-patio seam was uneven. But a hazard may exist, yet not be the cause of a particular injury. Here, causation hinged on a credibility determination, separate from the factual findings related to duty and breach.

Though White's testimony may not have been "free from ambiguity,"[8] it was not internally inconsistent. He testified that Igwemadu did not fall or trip "where the cone" marked the sidewalk-patio seam, but rather "[f]urther down the sidewalk."[9] He agreed the sidewalk concrete near Igwemadu's fall was separated and uneven. But when asked repeatedly if Igwemadu fell or tripped because of the sidewalk-patio seam, he consistently said no.

At bottom, Igwemadu is discontented with the District Court's credibility determination. She does not argue the record "does not support . . . the indicia of reliability and credibility" that the District Court relied on to credit White's testimony.[10] Rather, she takes issue with the weight accorded those indicia. However, as Igwemadu

---

[8] *Anderson v. City of Bessemer City*, 470 U.S. 564, 578 (1985).
[9] App. 83.
[10] *United States v. Igbonwa*, 120 F.3d 437, 441 (3d Cir. 1997).

4

agrees, our "review is more deferential with respect to determinations about the credibility of witnesses."[11]

Here, in the face of two conflicting witness accounts, the District Court credited White's testimony because he was a longtime friend of Igwemadu, was unaffiliated with the Government, and maintained a consistent account of the facts despite the suggestive nature of the photos. The District Court's decision to credit White—who "told a coherent and facially plausible story that is not contradicted by extrinsic evidence"—was not clearly erroneous.[12] As such, we are certainly not "left with the definite and firm conviction that a mistake has been committed."[13]

For the foregoing reasons, we will affirm.

---

[11] *E.g.*, *id.*; *see also Travelers Cas. & Sur. Co. v. Ins. Co. of N. Am.*, 609 F.3d 143, 156–57 (3d Cir. 2010); Fed. R. Civ. P. 52(a)(6) ("Findings of fact . . . must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility.").

[12] *Anderson*, 470 U.S. at 575; *see also In re J. E. Brenneman Co.*, 322 F.2d 846, 853–54 (3d Cir. 1963) (holding district court acted "fairly in considering and weighing the evidence," "apprais[ing] the effect of [any] inconsistencies in the witnesses' testimony," and "accept[ing] such evidence notwithstanding them").

[13] *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).